the relation of passenger to the New York, New Haven and Hartford Railroad. The chief question is whether the evidence is sufficient to justify a verdict of the jury that while upon the station platform at Mt. Vernon, New York, he was killed through the negligence of the road. The testimony was such as justified the jury in finding that, while walking along the platform he was struck by a through train passing on a local track without sounding any bell or whistle at a speed of fifty miles or more. Whether he was struck by the overhang of the car or engine (the track being at that point curved), or whether he was sucked in, was left in doubt. The evidence of suction was extremely tenuous; we need not say whether, if it had been the only ground for liability, we should support the judgment. On the other hand it was clearly possible, and in our judgment practically certain, that he was hit by the overhang; and that made a case for the jury. If the defendant had wished to confine its liability, it should have asked the judge to exclude the issue of suction. Since the case comes before us only as to the sufficiency of the evidence in any aspect, we must consider both possible grounds of liability.

After several varying rulings, the judge finally excluded the defendant's Rule 14(q) as a basis of liability. This exclusion coming as it did near the end of the case and being unequivocal, cured the earlier uncertainty which might otherwise have justified a reversal.

Judgment affirmed.

Laurence E. Coffey, of Buffalo, N. Y. (Brown, Ely & Richards, of Buffalo, N. Y., and Edward H. Yost and Foster, Yost & Lott, all of Detroit, Mich., of counsel), for appellant.

William J. Brock, of Buffalo, N. Y. (Philip Halpern, of Buffalo, N. Y., of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The plaintiff was an employee of a stevedoring contractor engaged in discharging a cargo of grain from the defendant's vessel. He sustained injuries in falling from an unlashed ladder which slipped while he was ascending it from the between deck. The issues left to the jury were whether the defendant failed in its duty to furnish the grain handlers with a reasonably safe means of egress from the holds, and whether the plaintiff himself was guilty of negligence which contributed to the accident. Error is assigned to the court's refusal to direct a verdict for the defendant. Without reciting the evidence it will suffice to say that the plaintiff made a case which amply justified submission of these issues to the jury. The contention that the court erred in declining to give a requested instruction is too unsubstantial to merit discussion.

Judgment affirmed.

---

**COFFEY v. NICHOLSON TRANSIT CO.**

No. 115.

Circuit Court of Appeals, Second Circuit.

Nov. 23, 1943.

